UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOMBARD ADONIS MORALES-MARTINEZ,<br><br>               Petitioner,<br>vs.<br><br>ERIC H. HOLDER, U.S. Attorney General,<br><br>               Respondent. | CASE NO. 14-CV-00860-BEN-JMA<br><br>**ORDER DENYING PETITIONER'S MOTION FOR STAY OF REMOVAL AND DISMISSING PETITION**<br><br>[Docket No. 1] |

Petitioner's motion to stay removal is before the Court. (Docket No. 1.) Because this Court lacks jurisdiction to consider Petitioner's challenge to his order of removal and Petitioner's request appears to be moot, the motion is **DENIED** and the Petition is **DISMISSED**.

## BACKGROUND

Petitioner was found ineligible for withholding of removal based on his conviction for corporal injury in violation of California Penal Code § 273.5(a) and ordered removed to Nicaragua on December 30, 2013. (Government's Return in Opp'n to Mot. for Stay of Removal and Pet. for Writ of Habeas Corpus ("Government's Return") [Docket No. 10], Ex. A.) On January 8, 2014, Petitioner filed a petition for

review of his removal order and motion for stay of removal with the Ninth Circuit Court of Appeals. (*Id.*, Ex. B (Ninth Circuit Case No. 14-70067).)[1]

On January 31, 2014, Petitioner filed a supplemental document in support of his motion for stay in which he advised the Ninth Circuit that he was seeking post-conviction relief in California state court alleging ineffective assistance of counsel. (*Id.*, Ex. C.) On March 11, 2014, the Ninth Circuit denied Petitioner's motion. (*Id.*, Ex. D.) On March 26, 2014, the Ninth Circuit denied Petitioner's motion for reconsideration of the denial of the motion for stay of removal. (*Id.*, Ex. E.) On May 9, 2014, Petitioner filed a renewed emergency stay of removal in the Ninth Circuit, requesting a stay while he pursued post-conviction relief in California state court. (*Id.*, Ex. F.) On May 15, 2014, the Ninth Circuit denied Petitioner's emergency motion for a stay of removal. (*Id.*, Ex. G.) Although the Ninth Circuit denied Petitioner's motions to stay his removal, his case proceeded and on October 8, 2014, the Ninth Circuit granted the Government's unopposed motion to remand the matter to the Board of Immigration Appeals ("BIA").

On April 9, 2014, Petitioner filed the present Motion for Stay of Removal, submitted as a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket No. 1.) On May 8 and 13, 2014, Petitioner filed supplemental documents requesting an emergency stay of his removal pending the resolution of his state court proceedings. (Docket Nos. 7, 9.)

## DISCUSSION

Judicial review of removal orders is governed by 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005. Under the REAL ID Act, any challenge to Petitioner's removal order must be directed to the applicable courts of appeals.

///

///

---

[1] Petitioner filed a second petition for review with the Ninth Circuit that was ultimately dismissed on May 15, 2014 for failure to prosecute. (Government's Return, Ex. J (Ninth Circuit Case No. 14-70953).)

> Notwithstanding any other provision of law (statutory or nonstatutory), including *section 2241 of Title 28, [. . .] a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to *section 2241 of Title 28*.

8 U.S.C. § 1252(a)(5) (emphasis added); *see also Puri v. Gonzales*, 464 F.3d 1038, 1041 (9th Cir. 2006) ("The REAL ID Act . . . eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeal.").

"Post-REAL ID Act cases considering the applicability of § 1252 have distinguished between challenges to orders of removal and challenges that arise independently." *Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007). However, the district court lacks jurisdiction over any challenge that "is wholly intertwined with the merits of [the] removal order." *Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011) (holding that the petitioner's habeas petition did nothing more than attack the immigration judge's removal order and was wholly intertwined with the merits of his removal order).

Here, Petitioner's motion to stay his removal seeks to halt the final order of removal while he attempts to overturn the state conviction that formed the basis for his removal. This is both an attempt to halt and a challenge to the final order of removal that this Court does not have jurisdiction to consider. Alternatively, it appears Petitioner's request may be moot because the Ninth Circuit has remanded his appeal to the BIA.

The Court could transfer this case to the Ninth Circuit, however, in light of the Ninth Circuit's previous orders denying the relief Petitioner seeks here and its recent remand of the case to the BIA, transfer is not appropriate.

///

///

## CONCLUSION

Petitioner's request for stay of removal is **DENIED** and the Petition is **DISMISSED**.

**IT IS SO ORDERED.**

DATED: October 11, 2014

_____
**Hon. Roger T. Benitez**
**United States District Judge**